**Tashi NAMGYAL, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–2319–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Harry S. Mattice, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United

States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Tashi Namgyal petitions for review of the April 2004 decision of the BIA denying his motion to reconsider its denial of his motion to reopen based on ineffective assistance of counsel, where Namgyal's former counsel failed to file a timely appeal of an Immigration Judge's ("IJ") removal order. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *Zhong Guang Sun v. United States Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA abused its discretion in denying Namgyal's motion because it reached its conclusion, that Namgyal failed to establish prejudice, in the absence of critical missing information. The BIA found that Namgyal failed to establish error in the IJ's decision, or otherwise establish eligibility for relief. It is unclear how the BIA reached this conclusion, when neither the hearing transcript nor the IJ's oral decision is included in the record. It is not even clear that these proceedings were ever transcribed. Moreover, Namgyal did allege error in the IJ's decision in his two appeal notices to the BIA, indicating that he would address the errors in greater detail once the decision transcript became available.

Thus, the BIA not only ignored evidence on the record, but also failed to notice that critical pieces of the record were missing. The BIA abused its discretion in finding that Namgyal failed to establish errors in the IJ's decision, when it did not even verify whether the IJ's decision was present. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005). Therefore, the BIA's order must be vacated, and the case remanded to allow the BIA to make the transcripts of the hearing and oral decision part of the record. Once the transcripts become available, the parties should be given the opportunity for further briefing on Namgyal's eligibility for relief.

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).